**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.:** _____

Shawn Underwood and Anthony Underwood,
    Plaintiffs

v.

Account Brokers Inc.,
    Defendant

_____

**COMPLAINT AND JURY DEMAND**
_____

## JURISDICTION

1.  This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiffs further allege a claim for invasion of privacy ancillary to Defendant's collection efforts. Jurisdiction is proper before this Court pursuant to 15 U.S.C. § 1692k(d).

## VENUE

2.       Venue is proper before this Court as the acts and transactions giving rise to this suit occurred in this State, because Plaintiffs reside in this State, and because Defendant transacts business in this State.

## PARTIES

3.       Plaintiffs, Shawn and Anthony Underwood (hereinafter "Plaintiffs"), are natural persons residing in Colorado.

4.       Defendant, Account Brokers, Inc. (hereinafter "Defendant"), was a corporation engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5.       At various and multiple times prior to the filing of the instant complaint, including within the year preceding the filing of this complaint, Defendant contacted Plaintiffs in an attempt to collect an alleged outstanding debt (hereinafter referred to as the "Debt").

6.       In particular, Defendant sent Plaintiff Anthony Underwood an initial collection letter which falsely stated the internet address where he could find more

information about the Colorado Fair Debt Collection Practices Act. CRS § 12-14-105 requires that an initial communication with a debtor contain a citation to an internet address where consumers can find out more information about the Colorado Fair Debt Collection Practices Act. On October 5, 2009, the Colorado Attorney General's Office provided a memorandum to each and every licensed debt collectors changing the internet address that collectors are required to list. Defendant received this memorandum prior to sending its initial letter to Plaintiff Anthony Underwood, dated October 13, 2009. Despite having knowledge that the address had changed, the initial letter to Plaintiff Anthony Underwood contained the outdated internet address.

7. Said initial letter to Plaintiff includes the corporate name "Account Brokers, Inc." in the letterhead in the upper-right-hand corner. However, Defendant states at the very bottom of the letter, without explanation, a different name for the agency sending the letter. At the bottom of the letter, a corporate name, address and phone numbers are given. The address and phone numbers match the letterhead above, but the name of the collector is different and is listed as "Account Receivable Management Systems" which was a misrepresentation and caused confusion to Plaintiffs.

8. Said initial letter to Plaintiff Anthony Underwood, dated October 13, 2009, states in the 2nd paragraph: "This account may be placed on your credit report." In

accordance with 15 USC 1692, Defendant is required to advise a debtor in its initial communication of certain rights that the debtor has to dispute the debt within the initial 30 day period. While Defendants aforementioned statement is true, the fact that the statement is included in the initial letter, is a threat which overshadows the disclosures required by § 1692g(a). The threat to harm someone's credit is a serious matter and draws attention away from the disclosures, which appear lower in the letter after the salutation ending the letter.  On November 6, 2009, Defendant sent a similar letter to Plaintiff Shawn Underwood that was virtually identical with respect to its language and therefore overshadowed as well.

9.     As aforementioned, after sending an initial letter to Plaintiff Anthony Underwood, Defendant sent a separate initial letter to Shawn Underwood, Anthony's spouse.  The letter to Plaintiff Shawn included the name "Anthony D. Underwood," without explaining why her spouse's name had been included, causing confusion to the Plaintiffs.  Another section stated that the letter pertained to Shawn's delinquent account.  The account in actuality was in Anthony Underwood's name only, resulting in an additional misrepresentation.

10.    Plaintiff Shawn Underwood never agreed to pay any debt to David J. Conyers, MD, and never received any services from David J Conyers, MD.  Yet, Defendant Account Brokers, Inc., sent a letter stating that Plaintiff Shawn Underwood has a "delinquent account" with David J. Conyers, MD.

11.  Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including sending an initial letter to Plaintiff Anthony Underwood, which falsely stated the internet address where Plaintiff could find more information about the Colorado Fair Debt Collection Practices Act, in violation of 15 USC § 1692f);

   b) Failing to clearly disclose Defendants true corporate or business name in a communication to Plaintiff, including stating multiple names for Defendant in a single letter, in violation of 15 USC § 1692d(6);

   c) Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including threatening to report the debt to Plaintiff Anthony Underwood's credit report in the initial letter to Defendant, thereby overshadowing the disclosures of Plaintiff Anthony Underwood's right to dispute the debt, in violation of 15 USC § 1692g(b);

   d) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including sending a letter addressed to Plaintiff Shawn Underwood that includes, without

explanation, mention of the name Anthony Underwood, confusing Plaintiff as to the intended addressee of the letter, in violation of 15 USC § 1692e(10); and

e) Falsely representing the character, amount, or legal status of Plaintiffs debt, including stating that Plaintiff Shawn Underwood owes a separate debt belonging to Plaintiff Anthony Underwood, in violation of 15 USC § 1692e(2)(A).

## **TRIAL BY JURY**

12.   Plaintiff is entitled to and hereby demands a trial by jury.

## **COUNT 1, FDCPA VIOLATIONS**

13.   The previous paragraphs are reincorporated by reference as though they were fully set forth herein.

14.   The acts described above constitute a violation of the FDCPA, and these acts were done willfully and intentionally.

15.   Plaintiff is entitled to actual and statutory damages for the above pursuant to §1692(k).

## **PRAYER**

**WHEREFORE,** Plaintiff prays this Honorable Court grant the following:

A.   a declaratory judgment that Defendant's conduct violated the FDCPA;

B.   Actual damages;

C. Punitive Damages;

D. Statutory damages pursuant to 15 U.S.C. § 1692k;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

F. Such other and further relief as may be just and proper.

**Respectfully submitted,**

January 22, 2010
**/s/ Tammy Hussin**
**Tammy Hussin**
**Weisberg & Meyers LLC**
**6408 Merlin Place**
**Carlsbad, CA 92011**
**866 565 1327 facsimile**
**thussin@AttorneysForConsumers.com**